the fact it awarded damages of an amount that was in excess of the 10 per centum of the judgment enjoined. We have carefully examined the record and are of the opinion that the prima facie case as thus made out by the plaintiff was not overcome by the evidence submitted.

For the reasons given, the judgment of the Municipal Court is affirmed.

*Affirmed.*

# Otto Schmidt, Executor, Appellant, v. Samuel C. Pirie et al., trading as Carson, Pirie, Scott & Company et al., Appellees.

## Gen. No. 23,691.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

## Statement of the Case.

Replevin by Otto Schmidt, executor of the estate of Rebecca Schmidt, deceased, plaintiff, against Samuel C. Pirie and others, trading as Carson, Pirie, Scott & Company, defendants, to recover certain furs. After suit was started, Simon Hausman, Henrietta Hausman, Samuel Lederer and Lena Lederer, hereinafter referred to as the defendants, were made parties to the suit as intervening defendants on motion of Carson, Pirie, Scott & Company. A trial was had before the court without a jury, as a result of which the court found that the right to the possession of the property replevied was not in the plaintiff and awarded a writ of *retorno*. From this judgment, plaintiff appeals.

MUSGRAVE, OPPENHEIM & LEE, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellees Henrietta Hausman, Simon Hausman, Lena Lederer and Samuel Lederer; JULIUS MOSES and HIRSCH E. SOBLE, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

GIFTS, § 29*—*when irrevocable joint gift by father to daughters of wearing apparel is shown.* The delivery by a father of receipts from a corporation for wearing apparel stored with it, to one of his two daughters, in the presence of the other, with the statement that he wished her to take the receipts and divide the apparel with her sister, *held* to show the father's intention to make and that he made an absolute and irrevocable gift of the apparel to the daughters to take effect immediately, even though the receipts contained a provision requiring a written order signed by the owner in case delivery should be desired to be made to any other than the person named in the receipt, and that by such gift and delivery the daughters acquired a joint interest in the apparel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.